**Daniel L. CAMPBELL, Appellant,**

v.

**SNAP–ON TOOLS CORPORATION, Appellee.**

**James E. BROWNFIELD, Appellant,**

v.

**SNAP–ON TOOLS CORPORATION, Appellee.**

**Nos. 90–1625WM, 90–1626WM.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1991.

Decided Aug. 9, 1991.

Ted Schwartz, Clayton, Mo., argued (Randall Vanet, Kansas City, Mo., on brief), for appellant.

Michael Bowen, Milwaukee, Wis., argued (Nicholas Badgerow, Kansas City, Mo., on brief), for appellee.

Before FAGG and LOKEN, Circuit Judges, and HAMILTON,[*] District Judge.

PER CURIAM.

In these two cases, consolidated on appeal, plaintiffs Daniel L. Campbell and James E. Brownfield appeal the district court's[1] grant of summary judgments in favor of their common defendant, Snap–On Tools Corporation. We affirm.

Each plaintiff was a non-exclusive Snap–On Tools dealer pursuant to an "Authorized Dealer Agreement." Each agreement provided that either party could terminate at any time on ninety days notice, with or without cause. Campbell and Brownfield each terminated his dealership and sued to recover his losses and lost income as a dealer. The district court concluded that each plaintiff had waived and released his claims in a termination agreement and granted summary judgment.

At the time of termination, Brownfield signed a standard form Snap–On Tools ter-

[*] The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The HONORABLE RUSSELL G. CLARK, United States District Judge for the Western District of Missouri.

mination agreement which contained a mutual waiver of all claims arising out of the dealership. He argues that he should not be bound by this waiver because there was no consideration, the termination agreement was not entitled "Release," it was a contract of adhesion, there was fraud and misrepresentation, and Snap–On Tools breached its duty of good faith and fair dealing. After careful review of the record, we agree with the district court that Brownfield's claims are without merit and summary judgment was appropriate.

■ As the district court held, there was adequate consideration for the termination agreement because Snap–On Tools waived any claims it may have had against Brownfield, the terminating party. *See Tilton v. Woods,* 371 S.W.2d 291, 298 (Mo.1963). The parties were independent business people dealing at arms' length. Brownfield had an opportunity to read the single-page agreement and was not forced to sign it, nor was the unambiguous release clause hidden in a complicated or confusing document. *See Estrin Constr. Co. v. Aetna Casualty & Surety Co.,* 612 S.W.2d 413, 424 (Mo.App.1981). Brownfield failed to state facts to support his assertion of fraud, *Charles Woods Television Corp. v. Capital Cities/ABC, Inc.,* 869 F.2d 1155, 1159 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 145, 107 L.Ed.2d 104 (1989), and as to misrepresentation, he admits that Snap–On Tools guaranteed him nothing. Accordingly, the district court correctly enforced Brownfield's waiver of claims by granting summary judgment against him.

■ Campbell did not sign a termination agreement and thus argues that he did not waive his claims at termination. However, based upon Campbell's sworn testimony that he agreed to sign the termination agreement previously sent to him if Snap–On Tools would pay him a disputed $18,000, the district court held that Campbell was bound by the terms of that agreement when he later received and accepted the $18,000. We agree with this conclusion. *See Heath v. Spitzmiller,* 663 S.W.2d 351, 356 (Mo.App.1983). Campbell's other arguments that his waiver of claims is invalid

fail for the same reasons as Brownfield's. Therefore, the district court properly granted summary judgment against Campbell.

Accordingly, the judgments of the district court are affirmed.